**UNITED STATES**
v.
**WEAVER et al.**
Civ. No. 368.

United States District Court,
W. D. Arkansas, Harrison Division.

July 7, 1954.

Charles W. Atkinson, U. S. Atty., Fort Smith, Robert E. Johnson, Asst. U. S. Atty., Greenwood, for plaintiff.

Arthur N. Wood, Yellville, Ark., for defendants.

JOHN E. MILLER, District Judge.

Plaintiff on June 23, 1954, filed a motion pursuant to Rule 56(a) and 56(c), F.R.C.P., 28 U.S.C.A., for summary judgment in which it alleges that its complaint and defendants' answer show that there is no genuine issue of fact and that plaintiff is entitled to a summary judgment as a matter of law.

In its complaint plaintiff alleges that the defendant, J. W. Weaver, has violated and is continuing to violate certain regulations promulgated by the Secretary of the Army and governing the operation of commercial boats on the Bull Shoals Reservoir. More specifically, plaintiff alleges that J. W. Weaver, at his store in Peel, Arkansas, rents boats for use on Bull Shoals Reservoir and arranges with the other defendants to take said boats to the Reservoir for the use of his customers, all without having a lease or license as required by the regulations.

It is alleged that the remaining defendants, other than J. W. Weaver, are violating the regulations by transporting the boats to and from the Reservoir for the customers of J. W. Weaver.

Plaintiff further alleges that the activities of the defendants impair the rights of persons having leases and contracts with the Government for the operation of boats on the Reservoir, and prays that the Court enjoin "the defendants, and each of them, from violating the regulations" which are set out in plaintiff's complaint.

On April 23, 1954, plaintiff amended its complaint and by said amendment alleges that defendants' conduct impairs the rights of the plaintiff and the public in general, and that plaintiff has no adequate remedy at law.

Defendants filed their answer on May 10, 1954, admitting that during the first part of 1953 they assisted each other as alleged by plaintiff, but alleging that upon being advised by officers and employees of the United States Engineer's office of the regulations, they ceased the activities complained of by plaintiff.

The defendant, J. W. Weaver, affirmatively alleges that he owns a place of business in Peel, Arkansas; that he has rented and now rents boats to any one desiring to use the same; that he employs no guides and has nothing to do with the delivery of the boats nor with any activity on or about the waters of Bull Shoals Lake.

The defendants, Rea Weaver and Jay Weaver, allege that they own no interest in the boats or business owned and operated by their father, J. W. Weaver; that they are over twenty-one years of age and are free and independent; that they are guides and accept employment from any one desiring their services on fishing expeditions on the Bull Shoals Reservoir.

The defendants, Mrs. Edna Weaver and Mrs. Avo Weaver, deny each and every allegation of the complaint.

It is further alleged by defendants that Peel, Arkansas, is more than five miles from a commercial boat dock on the Bull Shoals Reservoir and that the renting of boats, selling of minnows, supplies and tackle, and other activities carried on at Peel by defendant, J. W. Weaver, are not competitive with nor injurious to any established boat dock.

Defendants deny violating the regulations and pray that plaintiff's complaint be dismissed.

The parties have filed briefs in support of and in opposition to the motion for summary judgment. In addition, defendants have filed the affidavits of J. W. Weaver, Jay Weaver, and Rea Weaver. The plaintiff has filed no affidavits and relies solely upon the allegations contained in the complaint and answer, together with the defendants' affidavits. Thus the affidavits filed by defendants stand uncontradicted, and in determining the motion the Court must accept the statements therein, based upon the personal knowledge of the affiants, as true. These affidavits reveal the following course of conduct on the part of defendants:

During the first part of 1953 the defendant, J. W. Weaver, operating at Peel, Arkansas, rented and delivered boats to the Bull Shoals Reservoir; sometimes this was done by his sons, the defendants Rea and Jay Weaver. In the summer of 1953 J. W. Weaver was advised by authorities of the Government that he could not deliver boats to the Reservoir, nor could he arrange for other persons to make such deliveries, but that there was nothing to prevent him from renting boats to any one who might desire to rent them. Weaver consulted his attorney, who advised him that he knew of no law prohibiting the renting of boats at his place of business to any one, and Weaver has continued to operate his grocery business, his minnow business, and to rent boats to any and all persons desiring to rent them. However, J. W. Weaver, neither personally nor by arrangement with any one else has delivered any boat to the Reservoir for use by any of his customers since the summer of 1953, and he does not intend to do so in the future.

Some of the people who rent boats from J. W. Weaver deliver the boats themselves without the aid of guides; some employ guides who assist them in delivering the boats and who do other chores in connection with the fishing expedition; some employ his sons, the defendants Jay and Rea Weaver, while others employ other persons to serve as guides. J. W. Weaver does not employ guides for any one but leaves to the customer the decision of where the boat will be used and whether it will be operated by the customer or by a guide.

Weaver's place of business is about one mile from the lake waters and about six miles from the nearest commercial boat dock, and in transacting his business he does not enter upon, cross, nor have any contact with the lands or waters of the United States Government.

The defendants, Jay and Rea Weaver, are professional guides. They guide for any persons desiring their services. Sometimes the persons they guide for have their own boats, or said boats may have been borrowed, rented from other places, or rented from their father, the defendant, J. W. Weaver.

As guides, they perform whatever services may be necessary or customary on a fishing expedition, including the moving of boats from place to place, the hauling of fishing tackle, supplies and other items, the operation of the boat, and often the preparing of meals.

The defendants, Jay and Rea Weaver, have no financial interest in the business or boats owned by their father, J. W. Weaver.

In their brief, defendants state that "When this matter may be heard on proof, it will be developed that it has been a year since either defendant has violated the rules and regulations promulgated by the Secretary of the Army governing the use of the waters of the Bull Shoals Lake, as alleged in the complaint, and that before any knowledge of the regulations existed, and that two different supervisors of the lake area who advised them of the regulations approved the method of operations since that time."

Assuming the above stated facts to be true, the Court must determine whether a genuine issue of fact remains, or whether plaintiff is entitled to a judgment or injunction as a matter of law. The rules of law governing the Court's determination of the motion for summary judgment are stated in Marion County Cooperative Association v. Carnation Company, 8 Cir., 214 F.2d 557, and Marion County Cooperative Ass'n v. Carnation Co., D.C.Ark., 114 F.Supp. 58, and need not be repeated here.

The statute involved herein, 16 U.S.C.A. § 460d, provides:

"The Chief of Engineers, under the supervision of the Secretary of the Army, is authorized to construct, maintain, and operate public park and recreational facilities in reservoir areas under the control of the Department of the Army, and to permit the construction, maintenance, and operation of such facilities. The Secretary of the Army is au-

thorized to grant leases of lands, including structures or facilities thereon, in reservoir areas for such periods and upon such terms as he may deem reasonable: * * *. The water areas of all such reservoirs shall be open to public use generally, without charge, for boating, swimming, bathing, fishing, and other recreational purposes, and ready access to and exit from such water areas along the shores of such reservoirs shall be maintained for general public use, when such use is determined by the Secretary of the Army not to be contrary to the public interest, all under such rules and regulations as the Secretary of the Army may deem necessary. * * *"

Pursuant to this Statute the Secretary of the Army promulgated certain regulations governing the operation of boats on Reservoirs throughout the United States. The regulations pertinent in the instant case are Secs. 311.1, 311.2 and 311.16 of Vol. 36, Code of Federal Regulations.

Section 311.1 makes the regulations applicable to the Bull Shoals Reservoir.

Section 311.2 provides:

"No boat, barge or other vessel shall be placed upon or operated upon any water of the reservoir for a fee or profit, either as a direct charge to a second party or as an incident to other services provided to the second party, except as specifically authorized by lease, license, or concession contract with the Department of the Army."

Section 311.16 provides:

"All commercial operations or activities on the waters of the reservoir or on the lands under the control of the Department of the Army around the reservoir shall be in accordance with lease, license, or other agreements with the Department of the Army."

Plaintiff contends that the admitted activities of the defendants contravene the provisions of Section 311.2, supra, while defendants contend that they are not violating the regulation.

The regulation is not as clear as it might be, but the Court is convinced that it applies only to persons who, directly or indirectly, place or operate boats upon the waters of the reservoir for a fee or profit. That is, the section provides that "No boat * * * shall be placed upon or operated upon any water of the reservoir for a fee or profit (by one party), either as a direct charge to a second party or as an incident to other services provided to the second party, except as specifically authorized by lease * * *."

Not only is this the apparent meaning of the regulation, but in the opinion of the Court, to construe the regulation as going further and regulating matters outside the Reservoir area would be to render the regulation invalid. The Secretary of the Army evidently was of the same opinion when the regulations were promulgated, since Section 311.16, supra, purports to apply only to commercial operations or activities "on the waters of the reservoir or on the lands under the control of the Department of the Army around the reservoir."

This is not to say, however, that Section 311.2, supra, has no application to persons, such as the defendant, J. W. Weaver, who rent boats at places away from the Reservoir for use on the waters of the Reservoir. The regulation does apply to such persons if they, either personally or through agents, place the boats on the Reservoir waters. But the regulation does not apply to such persons if they merely rent boats to other persons and exercise no control whatsoever over the place the boat is to be used, the delivery or the return of the boat, or whether or not the person renting the boat will employ a guide. That is, if the owner merely rents the boat without designating where or how it shall be used and the person renting the boat makes all the arrangements for the delivery of the boat to the Reservoir, the said owner is not placing or operating said boat on the waters of the Reservoir within the meaning of the regulation. On the other

hand, if the owner hires some one to deliver the boat to the Reservoir, or delivers it himself, he is placing the boat on the Reservoir waters within the meaning of the regulation.

In other words, the Court is convinced that a distinction exists between activity on the part of the defendant, J. W. Weaver, and activity on the part of the persons to whom he rents boats. The statute gives the public the right to use the reservoir for boating, subject only to such reasonable rules and regulations as the Secretary of the Army may promulgate. 16 U.S.C.A. § 460d, supra. If a private individual brings a boat to the Reservoir—whether the boat be owned by him, borrowed from a friend, or rented from some one one mile or one thousand miles from the Reservoir—he has the right to place that boat upon the waters of the Reservoir, subject only to reasonable regulations concerning the safe use and operation of the boat, its seaworthiness, and other matters of like nature. The Court does not believe the Secretary of the Army could validly prohibit a person from placing a boat on the Reservoir merely because he was renting the boat, rather than borrowing or owning said boat. Neither does the Court feel that the Secretary of the Army has attempted to place such a prohibition against the use of boats on the Reservoir. As heretofore stated, the Court is of the opinion that the regulation, Sec. 311.2, supra, applies only when one person, having rented a boat to another person, personally or through an agent places or operates the boat upon the waters of the Reservoir.

■ In the instant case the affidavits, which have been accepted as true for purposes of the motion, indicate that the boats are being delivered to the Reservoir in one of three ways. (1) The person renting the boat from Weaver delivers it to the Reservoir himself. (2) The person renting the boat hires a third person as a guide to deliver the boat and to perform other duties connected with the fishing or boating expedition. (3) The person renting the boat hires one of the defendants, Jay or Rea Weaver, as a guide to deliver the boat and to perform such other duties.

It may be that at the trial on the merits plaintiff will be able to prove that in one or more of these instances the person delivering the boat is in fact and in law acting as an agent for the defendant, J. W. Weaver, and that defendants are merely doing by indirection what they cannot do directly, but upon the record now before it the Court cannot say, as a matter of law, that said persons are agents of J. W. Weaver and that defendants are thus violating the regulations.

■ It follows that since a question of fact remains, i. e., whether the persons delivering the boats are agents of the defendant, J. W. Weaver, plaintiff is not entitled to a summary judgment in its favor.

■ Plaintiff earnestly contends that the admitted past violations of the regulations by defendants are sufficient to require the issuance of an injunction against said defendants, but the affidavits of the defendants disclose that they have in good faith attempted to abide by the regulations, and they allege that at least two officers or employees of the Government have informed them that their present method of doing business does not violate the regulations. If these statements and allegations prove to be true, such facts, when considered in the light of the usual reluctance of courts to grant blanket injunctions against the general violation of a statute or regulation, see, Durkin v. Bell, D.C.Ark., 111 F.Supp. 599, 603, and cases cited therein, may militate against the granting of the injunction sought in this case, unless it is shown that there is a reasonable likelihood that the defendants will revert to their former actions, which were admittedly in violation of the regulations; or will continue their present actions if said actions are found by the Court to be in violation of the regulations.

However, those are matters which will not be reached prior to a trial on the merits, and suffice it to say that the issue

of fact relative to the agency relationship, if any, precludes the entry of a summary judgment, and the motion of plaintiff should be overruled.

An order in accordance with the above is being entered today.